IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF TEXAS, <br><br> Plaintiffs, <br><br> v. <br><br> E. I. DU PONT DE NEMOURS AND CO. <br><br> and <br><br> THE CHEMOURS CO. FC, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## COMPLAINT FOR NATURAL RESOURCE DAMAGES

The United States of America ("United States"), by the authority of the Attorney General of the United States, by and through the undersigned attorneys, acting at the request of the National Oceanic and Atmospheric Administration ("NOAA"), and of the Fish and Wildlife Service of the United States Department of the Interior ("FWS"), and the State of Texas, on behalf of the Texas Commission on Environmental Quality ("TCEQ"), the Texas General Land Office ("TGLO"), and the Texas Parks and Wildlife Department ("TPWD") (collectively, the "State"), file this Complaint and allege as follows:

## STATEMENT OF THE CASE

1. This is a civil action against E. I. du Pont de Nemours and Co. ("DuPont") and The Chemours Co. FC, LLC ("Chemours"), pursuant to Section 107(a)(4)(C) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

U.S.C. § 9607(a)(4)(C), seeking recovery of damages for injury to, loss of, or destruction of natural resources, including recovery of the costs of assessing such injury and damages and the future costs of overseeing and monitoring restoration actions, as a result of releases of hazardous substances into the environment at or from the DuPont Beaumont Works Industrial Park Complex including the West Marsh, located at 5470 N. Twin City Highway, Nederland, Texas 77627.  The State of Texas also seeks relief under the Texas Water Code ("TWC") §§ 26.261-267.

## JURISDICTION AND VENUE

2.	This Court has personal jurisdiction over the Parties and has jurisdiction over the subject matter of this action under Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. §§ 1331, 1345 and 2201.

3.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) because the release or threatened release of hazardous substances that gives rise to the action occurred in this District.

## PARTIES

4.	DuPont is a Delaware corporation registered to do business in the State of Texas.

5.	DuPont formerly owned and operated the DuPont Beaumont Works Industrial Park Complex including the West Marsh (the "Site"), located at 5470 N. Twin City Highway, Nederland, Texas, from 1954 through 2015.

6.	On July 1, 2015, DuPont created a new company, Chemours, for its Performance Chemicals Division.  Chemours is a Delaware corporation registered to do business in the State of Texas.

7. In 2015, Chemours became the owner of the DuPont Beaumont Works Industrial Park Complex, located at 5470 N. Twin City Highway, Nederland, Texas, and the Site.

8. Collectively, DuPont and Chemours are the "Defendants."

9. Pursuant to Federal statutes, including Section 107(f)(2)(A) of CERCLA, 42 U.S.C. § 9607(f)(2)(A), TCEQ, TGLO, TPWD, NOAA, and FWS are trustees for natural resources injured as a result of releases of hazardous substances caused by Defendants at the Site.

## CERCLA STATUTORY BACKGROUND

10. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part that:

> (1) the owner or operator of . . . a facility, (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . . (4) . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for – . . . (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction or loss resulting from such a release; . . . .

11. The term "natural resources" as defined in CERCLA means "land, fish, wildlife, biota, air, water, groundwater, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States, . . . and any State or local government. . . ." 42 U.S.C. § 9601(16).

## GENERAL ALLEGATIONS

12. The Site (also known as the "West Marsh") encompasses approximately 30 acres in the northwestern corner of the DuPont Beaumont Works Industrial Park Complex, bounded by the Neches River on the northeast, closed solid waste management units to the southeast, tank storage to the southwest, and a former canal on the northwest.

3

13.     DuPont began operations at the Site in 1954, which included the production of plastics and other proprietary synthetic products commercially sold by DuPont.  Chemours, a new company formed by DuPont became the owner of the Site in 2015.

14.     During the time that DuPont owned and operated the Site, hazardous substances including arsenic, chromium, lead, zinc, copper, mercury, and nickel were disposed of at the Site.

15.     Chemours is the current owner of the Site where hazardous substances have come to be located.

16.     Releases of hazardous substances from the Site have resulted in injuries to, destruction of, loss of, and the loss of use of natural resources and services from natural resources at the Site, including estuarine emergent wetland habitat and other resources.

17.     Under Section 107 of CERCLA, 42 U.S.C. § 9607, and 43 C.F.R. Part 11, the United States and the State of Texas (collectively, "Plaintiffs"), as natural resource trustees, are entitled to recover damages for injury to natural resources, including (1) the cost to restore, replace, or acquire the equivalent of such natural resources; (2) the compensable value of lost services resulting from the injury to resources; and (3) the reasonable cost of assessing injuries to natural resources and resulting damages.

18.     In 2007, DuPont entered into a Memorandum of Agreement with the federal and state natural resource trustees (collectively, "the Trustees") to perform a cooperative, restoration-based assessment to address potential natural resource injuries at the Site.  Chemours joined the cooperative assessment when it became the Site owner in 2015.

19.     The Trustees' assessment of these injuries to natural resources, including the restoration project proposed to compensate for those losses, is identified in the "Final Damage

Assessment and NEPA Categorical Exclusion for DuPont Beaumont Works West Marsh, Jefferson County, Texas," dated June 6, 2016.

20. The Trustees determined that hazardous substances released at the Site have injured or potentially injured estuarine emergent wetland habitat and other resources.

21. The primary hazardous substances at the Site include arsenic, chromium, lead, zinc, copper, mercury, and nickel.

22. The Trustees have incurred costs in assessing the injury to natural resources which remain unreimbursed.

**FIRST CLAIM FOR RELIEF**
(The United States' and the State of Texas's Claim for Recovery of
Natural Resource Damages Under CERCLA)

23. Paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24. DuPont and Chemours are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) and also within the meaning of Section 26.263(5) of the TWC.

25. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

26. There was a "release" or a threatened "release" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of "hazardous substances", within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at the Site.

27. The release of hazardous substances at or to the Site caused injury to, destruction of, or loss of "natural resources" within the meaning of Sections 101(16) and 107(a)(4)(C) of CERCLA, 42 U.S.C. §§ 9601(16) and 9607(a)(4)(C).

28. TCEQ, TGLO, TPWD, NOAA, and FWS are agencies that have been designated as natural resource trustees pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f).

29. TCEQ, TGLO, TPWD, NOAA, and FWS have incurred costs assessing such injury, destruction, or loss of natural resources.

30. DuPont is within the class of liable persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned and operated the Site during the time hazardous substances were disposed of at the Site.

31. Chemours is within the class of liable persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it currently owns the Site.

32. Pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C), Defendants are liable to Plaintiffs for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from actual releases of hazardous substances at or to the Site.

## **SECOND CLAIM FOR RELIEF**
(The State of Texas's State Law Claim TWC §§ 26.261-267)

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. The Site is a "facility" within the meaning of Section 327.2 of Title 30 of the Texas Administrative Code.

35. Hazardous substances, within the meaning of Section 26.263(4) of the TWC, were discharged at the Site.

36. Each Defendant is a "responsible person" within the meaning of Section 26.263(6) of the TWC.

37. There were "discharges or spills" within the meaning of Section 26.263(1) of the TWC at or to the Site.

38. The discharge or spill at or to the Site has caused injury to, destruction of,

and loss of land and aquatic resources held in trust or owned by the State of Texas, within the meaning of Section 26.265(d) of the TWC.

39. The State has incurred and is continuing to incur costs related to determining the impacts of the spill on the environment and natural resources as well as for the restoration of land and aquatic resources held in trust or owned by the State of Texas, within the meaning of Section 26.265(d) of the TWC.

40. Pursuant to Section 26.265(d) of the TWC, Defendants are liable to the State for the reasonable costs of conducting reasonable and necessary scientific studies to determine the impacts of the spill on the environment and natural resources and to determine the manner in which to respond to spill impacts, including the reasonable costs incurred in restoration of land and aquatic resources held in trust or owned by the State of Texas.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

1. Enter judgment in favor of Plaintiffs and against Defendants, jointly and severally, pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C), and Section 26.265(d) of the TWC, for all damages for injury to, destruction of, and loss of natural resources within the trusteeship of the United States and the State of Texas resulting from the releases of hazardous substances at or to the Site, including the unreimbursed past, present, and future costs of assessing such damages, the cost of restoring, replacing, and/or acquiring the equivalent of those injured resources, and the past, present, and future diminution in value of those resources pending restoration or replacement;

2. Enter a judgment in favor of Plaintiffs against Defendants for liability for all costs of this action, including attorneys' fees; and

3.  Award Plaintiffs such other and further relief as this Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:


Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

 *s/ Samuel D. Blesi*
SAMUEL D. BLESI (DC Bar # 417818)
Lead Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-1466
Sam.Blesi@usdoj.gov



STEPHEN J. COX
United States Attorney
Eastern District of Texas


 *s/ James Gillingham*
JAMES GILLINGHAM (Tex. Bar No. 24065295)
Assistant United States Attorney
Eastern District of Texas
101 N. College Avenue, Suite 700
Tyler, Texas 75702
Email: james.gillingham@usdoj.gov
Telephone: 903-510-9346

FOR THE STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division


 *s/ Ekaterina DeAngelo*
EKATERINA DEANGELO
Assistant Attorney General
Tex. Bar No.  24087398

Office of the Attorney General
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911
Ekaterina.DeAngelo@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS ON
BEHALF OF THE TEXAS GENERAL LAND
OFFICE, THE TEXAS PARK AND WILDLIFE
DEPARTMENT, AND THE TEXAS
COMMISSION ON ENVIRONMENTAL
QUALITY

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused true and correct copies of the foregoing

*Complaint* to be served by first class mail, postage prepaid, on the following:

Patricia McGee
Corporate Counsel
E. I. du Pont de Nemours and Company
974 Centre Road, CRP 735
P.O. Box 2915
Wilmington, Delaware 19805

Todd Coomes
Senior Counsel, Chemours Legal
The Chemours Company
1007 Market Street
Wilmington, DE 19899

Date:  12/29/2020                                  *s/ Samuel D. Blesi*
                                                  SAMUEL D. BLESI
                                                  Attorney
                                                  Environmental Enforcement Section
                                                  Environment and Natural Resources Division
                                                  U.S. Department of Justice
                                                  P.O. Box 7611
                                                  Washington, D.C. 20044-7611
                                                  Telephone: 202-514-1466
                                                  Fax: 202-514-8865
                                                  E-mail: Sam.Blesi@usdoj.gov